IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex B. Graham, ) | C/A No. 0:15-1677-MGL-PJG |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Roberts, *Kershaw CI*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Alex B. Graham, proceeding *pro se*, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2915, the respondent filed a motion for summary judgment. (ECF No. 15.) By order of this court filed July 14, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 16.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the petitioner failed to respond to the motion. As the petitioner is proceeding *pro se*, the court filed a second order on August 18, 2015, advising the petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fourteen (14) days in which to file his response to the respondent's motion for summary judgment. (ECF No. 19.) The petitioner was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Page 1 of 3

PJG

On August 31, 2015, the petitioner filed a motion for an extension of time to file a response to the respondent's motion, which the court granted by docket text order. (ECF Nos. 21 & 22.) The petitioner was again advised that failure to comply may result in dismissal of the Petition for failure to prosecute. Davis, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

Despite these warnings, the petitioner has failed to respond. Therefore, the petitioner meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the petitioner failing to obey his order was proper grounds for the district court to dismiss the suit when the petitioner did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (ECF No.15) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] He is personally responsible for proceeding in a dilatory fashion, the respondent is suffering prejudice by continuing to have these claims clouding his career and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).